UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRID ALLEN, | No. 1:15-cv-00705-MCE-SAB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| KEVIN C. MILAS, et al., | |
| Defendants. | |

Plaintiff Jerrid Allen ("Plaintiff") is a United States citizen who married a native and citizen of Germany, Dorothea Allen ("Mrs. Allen"). Mrs. Allen sought an immigrant visa so that she could live with Plaintiff in the United States. The United States Consulate in Frankfurt, Germany, however, refused her application based on her criminal convictions for theft and illicit acquisition of narcotics in Germany. Plaintiff thereafter brought a single claim for relief in this Court, alleging that Defendants' decision to refuse to issue an immigrant visa to Mrs. Allen violated the Administrative Procedure Act. ECF No. 1. Pending before the Court are Defendants' Motion to Dismiss (ECF No. 16) and Plaintiff's Cross-Motion for Summary Judgment (ECF No. 30). For the following reasons, Defendants' Motion is GRANTED, Plaintiff's Cross-Motion is DENIED, and the Complaint is DISMISSED with leave to amend.

///

**BACKGROUND**[1]

Plaintiff is a U.S. citizen who is currently deployed in the U.S. Army. Mrs. Allen is a native and citizen of Germany. They have three children together. In October 2013, after having been stationed in Germany since 2005, the U.S. Army ordered Plaintiff to return to a station in the United States.

Plaintiff filed a Petition for Alien Relative on behalf of his wife with the United States Citizenship and Immigration Service ("USCIS") so that she could join him in the United States. The USCIS approved the petition, and Mrs. Allen interviewed at the U.S. Consulate in Frankfurt, Germany, regarding her application for an immigrant visa.

Shortly after her interview, Mrs. Allen received a Refusal Letter from the Consulate. The Refusal Letter informed her that she was "ineligible to receive a visa" under sections 212(a)(2)(A)(i)(I) and (II) of the Immigration and Nationality Act due to her convictions for theft and the illicit acquisition of narcotics in Germany. Mrs. Allen remains in Germany, and Plaintiff's involuntary separation from her will continue as long as she is unable to obtain an immigrant visa.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.[2] Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell

---

[1] The following recitation of background facts is taken, sometimes verbatim, from Plaintiff's Complaint. ECF No. 1.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

3

1  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
2  be considered when deciding whether to grant leave to amend).  Not all of these factors
3  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .
4  carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
5  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that
6  "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,
7  Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,
8  1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.
9  1989) ("Leave need not be granted where the amendment of the complaint . . .
10 constitutes an exercise in futility . . . .")).[3]

## ANALYSIS

14  Defendants' Motion argues that Plaintiff's claim must be dismissed because the
15 Court is precluded from reviewing the findings of a consular officer in connection with a
16 visa application.  The Immigration & Nationality Act, 8 U.S.C. § 1181, et seq., gave
17 consular officials the authority to issue or withhold visas.  8 U.S.C. § 1201; Li Hing of
18 Hong Kong, Inc. v. Levin, 800 F.2d 970, 971 (9th Cir. 1986).  The Ninth Circuit has
19 consistently upheld the principle that a consular official's decision to issue or withhold a
20 visa is not subject to judicial review.  Li Hing of Hong Kong, 800 F.2d at 970.
21  On the other hand, an exception to the principle of consular non-reviewability
22 exists where the denial of a visa implicates the constitutional rights of American citizens.
23 Bustamante v. Mukaskey, 531 F.3d 1059, 1061 (9th Cir. 2008).  When a U.S. citizen
24 raises a constitutional challenge to the denial of a visa, he is entitled to a limited
25 ///

---

[3] Defendants argue that the Court should dismiss this case for lack of jurisdiction pursuant to Rule 12(b)(1), but alternatively contend that application of the doctrine of consular non-reviewability can result in a dismissal for failure to state a claim.  As explained below, the Court has limited jurisdiction to review the merits of Plaintiff's claim.  Accordingly, the Court reviews Defendants' Motion pursuant to Rule 12(b)(6).

judicial inquiry regarding the reason for the decision.  Id. at 1062.  If the reason given is "facially legitimate and bona fide[,]" the inquiry ends there.  Id.

Here, Plaintiff asserts that his claim for relief implicates his fundamental liberty interest in his marriage and family life.  ECF No. 30 at 9:21-23.  While it is not at all clear that Plaintiff has a procedural due process right stemming from a constitutional right to live in the United States with his spouse, the Court assumes, for purposes of the pending Motion, that he does.  Compare Bustamante, 531 F.3d at 1062 ("Freedom of personal choice in matters of marriage and family life is, of course, one of the liberties protected by the Due Process Clause.") with Kerry v. Din, 135 S. Ct. 2128, 2138 (2015) ("Only by diluting the meaning of a fundamental liberty interest and jettisoning our established jurisprudence could we conclude that the denial of Berashk's visa application implicates any of [his spouse's] fundamental liberty interests.") (Scalia, J.) (plurality opinion).

Assuming that the denial of Mrs. Allen's visa application implicates Plaintiff's liberty interest in marriage, the Court turns to whether the reasons offered for the denial were "facially legitimate and bona fide."  Bustamante, 531 F.3d at 1062; Din, 135 S. Ct. at 2140 (Kennedy, J., concurring).  Here, the consular officer who denied Mrs. Allen's application gave two reasons for the denial.  First, the consular office determined that she was ineligible for a visa under § 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act because she was "convicted in a German court of theft pursuant to paragraphs 242 and 248 of the German criminal code" in July 1998.  Second, the officer determined that Mrs. Allen was ineligible for an immigrant visa because she was "convicted in a German court for illicit acquisition of narcotics pursuant to paragraphs 29, 35, 1, and 3 of the German criminal code" in March 1997.

These reasons are facially legitimate.  Section 212(a)(2)(A)(i)(I) provides that an applicant is ineligible for a visa if she "was convicted of . . . a crime of moral turpitude (other than purely political offense) or an attempt or conspiracy to commit such a crime[.]"  Plaintiff argues that Mrs. Allen's criminal conviction for theft under paragraphs

242 and 248 of the German criminal code does not constitute a crime of moral turpitude. ECF No. 30 at 22.  Specifically, Plaintiff points to cases involving appeals from orders issued by the Board of Immigration Appeals for the proposition that this Court must undergo a multi-step process to determine whether Mrs. Allen's theft conviction constitutes a crime of moral turpitude.  Id. at 23.  Such an inquiry may well be appropriate in the context of an appeal from the Board of Immigration Appeals, but none of the cases cited by Plaintiff involve a consular officer's decision to deny an immigrant visa application.  See, e.g., Medina-Lara v. Holder, 771 F.3d 1106 (9th Cir. 2014); Castillo-Cruz v. Holder, 581 F.3d 1154 (9th Cir. 2009).  In this context, the Court cannot revisit the consular officer's statutory interpretation of the German criminal code. Citation to a statutory basis for denial of Mrs. Allen's visa provided a facially legitimate justification for the denial.  Bustamante, 531 F.3d at 1062.  Accordingly, the consular officer's citation of § 212(a)(2)(A)(i)(I) provided Plaintiff with a facially legitimate reason for denying her application.

Similarly, the consular officer's citation of § 212(a)(2)(A)(i)(II) in the refusal letter, combined with Mrs. Allen's conviction for illicit acquisition of narcotics, provided a facially legitimate reason for her denial.  Plaintiff's argument that Mrs. Allen was convicted by a juvenile court of violating paragraphs 29, 35, 1, and 3 of the German criminal code is unavailing.  The Court may not second-guess the consular officer's decision by analyzing the circumstances of Mrs. Allen's narcotics conviction to determine its effect under German law.  See Din, 135 S. Ct. at 2141 (explaining that courts may not look for additional factual details behind a decision to deny a visa application "beyond what its express reliance on [the statute] encompassed."); see also ECF No. 1-3 at 3-4 (explaining that Mrs. Allen was nineteen-and-a-half at the time she committed the crime and that, because it could "not be ruled out that" she was a youth at the time of the crime, the German court applied the law regarding youths).

Furthermore, Plaintiff has not alleged facts sufficient to establish that the consular officer who denied Mrs. Allen's application did so in bad faith.  See Twombly, 550 U.S. at

570. If Plaintiff has some reasonable basis for believing the consular officer denied his wife's application in bad faith, he may amend his Complaint to incorporate the factual allegations necessary for his claim to survive another Motion to Dismiss. But here, Plaintiff's failure to allege such facts prevents him from stating a due process claim at this time. See id.; see also Din, 135 S. Ct. at 2141. Accordingly, Defendants' Motion is GRANTED, and Plaintiff's Complaint is DISMISSED with leave to amend.

      The Court reaches this conclusion reluctantly. Plaintiff is an active duty Army officer who has served several tours of duty in Iraq. His wife's criminal convictions occurred when she was under twenty-one years of age and before she married Plaintiff. They now have three children who may be separated from one of their parents as a result of the consular officer's determination that Mrs. Allen is ineligible for an immigrant visa. The consular officer certainly could have—and perhaps should have—taken a harder look at the circumstances behind Mrs. Allen's criminal record in evaluating her visa application. His decision not to do so seems bureaucratic and cold, particularly in light of Plaintiff's long service to this country. Unfortunately, the Court's review is limited to determining whether the consular officer provided a facially legitimate reason for denial.

## CONCLUSION

      For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 16) is GRANTED. Plaintiff's Cross-Motion for Summary Judgment (ECF No. 30) is DENIED. Plaintiff may file a First Amended Complaint within twenty-one (21) days from the date this Order is electronically filed.

      IT IS SO ORDERED.

Dated: February 22, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT