UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRID ALLEN, | No.  1:15-cv-00705-MCE-SAB |
| Plaintiff, | |
| v. | **ORDER** |
| KEVIN C. MILAS, ET AL., | |
| Defendants. | |

Plaintiff Jerrid Allen ("Plaintiff") requests reconsideration of this Court's Order dismissing his Complaint for lack of subject matter jurisdiction.  ECF No. 43.  A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b).[1]  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).  A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  A motion may be construed as a Rule 59 motion even though it is not labeled as such, or not labeled at all.  Taylor, 871 F.2d at 805.  Since this motion seeks reconsideration of a final judgment and was timely filed, the Court will treat it as a

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

1

Rule 59(e) motion.

A court should be loath to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)). Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 59(e). Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Rule 59(e) and motions for reconsideration are therefore not intended to "give an unhappy litigant one additional change to sway the judge." Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

Here, Plaintiff's Motion for Reconsideration is deficient in at least two ways. First, Plaintiff has not provided the Court with any newly discovered evidence, shown that the Court committed clear error, or demonstrated an intervening change in controlling law

1  since the Court dismissed the action on February 23, 2016.  Second, Plaintiff's failure to
2  comply with Local Rule 230(j) dooms the instant Motion.  Although Plaintiff clearly
3  believes that the Court was wrong in dismissing his case, that mere belief is not grounds
4  for relief under Rule 59(e).  Plaintiff's Motion for Reconsideration (ECF No. 43) is
5  accordingly DENIED.
6      IT IS SO ORDERED.
7  Dated:  March 29, 2016

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT